UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL GUILARTE
RODRIGUEZ,

      Petitioner,

    v.                        Case No.:  2:26-cv-02041-SPC-KRH

D.H.S. *et al.*,

      Respondents,

                          /

## OPINION AND ORDER

Before the Court are petitioner Manuel Guilarte Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Guilarte Rodriguez is a native of Cuba who was paroled into the United States on May 27, 1975.  An immigration judge ordered Guilarte Rodriguez removed on October 26, 2018, following a conviction for burglary.  ICE released Guilarte Rodriguez under an order of supervision on February 25, 2019.

On October 25, 2025, local law enforcement arrested Guilarte Rodriguez for criminal mischief.  On April 9, 2026, ICE took Guilarte Rodriguez into custody and revoked his release under 8 C.F.R. § 241.13(i) because the arrest violated the terms of his release, and because ICE determined there was a significant likelihood of removal in the reasonably foreseeable future.  ICE conducted an informal interview the next day.  Guilarte Rodriguez argues his

detention is unlawful because his removal is not likely in the foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Guilarte Rodriguez's current detention is lawful.  8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release.  Guilarte Rodriguez does not dispute that his arrest for criminal mischief violated a term of the order of supervision.  Thus, he "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."  8 C.F.R. § 241.13(i)(1).  After that six-month period, Guilarte Rodriguez may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

At bottom, Guilarte Rodriguez does not claim ICE failed to afford the process due under § 241.13(i)(1), and federal law does not prohibit ICE from re-detaining a noncitizen who violated conditions of an order of supervision. *See Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

Accordingly, it is hereby

**ORDERED:**

Manuel Guilarte Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record